LOUIS BUSHEY *v.* P. B. B. NORTHROP.

January Term, 1906.

Present: ROWELL, C. J., MUNSON, WATSON, and POWERS, JJ.

Opinion filed February 16, 1906.

*Assumpsit for Labor—Misconduct of Counsel—Argument— Unwarranted Assumption—Reversible Error.*

In assumpsit for labor, it appeared that defendant gave plaintiff, who could not read, a check for $5 on which was written, "Balance in full to date." Plaintiff cashed the check and testified that the balance due him was $36 and that some time later defendant drew a

check for $18 and offered it to plaintiff in full settlement, and that plaintiff refused to receive it. Defendant testified that he called plaintiff's attention to what was written on the $5 check, and told him that, if he accepted it, it would be in full settlement of his claim, and denied that he drew and offered plaintiff the $18 check. *Held*, that the question asked the jury by plaintiff's counsel in argument, "What is the feeling towards an intelligent man who takes advantage of a poor man's ignorance?" though unwarranted by the evidence, and based upon an assumption of defendant's misconduct was not, in the circumstances, reversible error.

Where plaintiff gave defendant notice before trial to produce the stubs of all checks drawn by him between certain dates and also all checks then in his possession, but defendant complied by producing only three checks, claiming that his stub books were lost, plaintiff's counsel was justified in arguing that defendant had failed to produce papers that were or ought to have been in his possession, and that it might be inferred therefrom that there was something wrong in the transaction.

GENERAL ASSUMPSIT for labor performed. Pleas, the general issue, payment, accord and satisfaction. Trial by jury at the September Term, 1905, Franklin County, *Tyler*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Hogan & Hogan* for the defendant.

Plaintiff's counsel violated the rules of legitimate argument and thereby prejudiced the jury against the defendant, and for this the case should be reversed. *Smith Woolen Machine Co.* v. *Holden*, 73 Vt. 396.

*C. G. Austin & Sons* for the plaintiff.

The argument in question was legitimate. Counsel have a right to comment upon the conduct of a party bearing upon the good faith of his claim. *Amsden* v. *Atwood*, 69 Vt. 532; *Ranchau* v. *Rutland R. R. Co.*, 71 Vt. 148; *Magoon* v. *B. &*

*M. R. R. Co.,* 67 Vt. 177; *Boyden* v. *Fitchburg R. R. Co.,* 72
Vt. 89; *Blaisdell & Barron* v. *Davis,* 72 Vt. 309; *Smard* v.
*Garlin et al.,* 33 Vt. 593; *Beattie* v. *Grand Trunk Ry. Co.,* 41
Vt. 275; *McCabe* v. *McCabe,* 73 Vt. 175; *Rea* v. *Harrington,*
58 Vt. 190.

MUNSON, J.    The only questions presented are two con-
cerning the argument, but these require some statement of
the case.

It appears that plaintiff quit defendant's employment be-
fore his time was out, and went to defendant for his pay, and
that some claim of damages was made; that defendant finally
gave plaintiff a check for five dollars, on which was written
"balance in full to date"; and that plaintiff got the check
cashed.    Plaintiff testified that the balance due him on his
wages was thirty-six dollars; that defendant gave him the
five dollar check towards his services, and agreed to pay the
balance when his time was out; that he could not read, and
was not told by defendant, and did not know, what was writ-
ten on the check; that some time later he applied to defendant
for the balance of his wages, and that defendant then drew a
check for eighteen dollars and offered it to him in full settle-
ment, and that he refused to accept it.    Defendant testified
that he called plaintiff's attention to what was written on the
five dollar check, and told him that if he took the check it
would be in full settlement of his claim; and that no check
was afterwards drawn or offered.

In his argument to the jury plaintiff's counsel asked,
"what is the feeling towards an intelligent man who takes
advantage of a poor man's ignorance?" and spoke of defend-
ant's conduct as contemptible.    This was a characterization of
the defendant upon an assumption of his misconduct, rather

than an argument of the evidence to prove the misconduct; but the case presented by the plaintiff's testimony justified some severity of remark, and it can hardly be held that the mistake indicated was reversible error.

Before the trial plaintiff gave defendant notice to produce the stubs of all checks drawn by him between certain dates, and all of the checks that were in his possession. The exceptions say that defendant did not comply with this notice, except to produce the five dollar check and two previous checks cashed by plaintiff, and that he claimed his stub-books were lost. Plaintiff's counsel argued that defendant had failed to produce papers that were or ought to have been in his possession, and that it might be inferred from this that there was something wrong in the transaction. The case afforded a sufficient basis for the argument.

*Judgment affirmed.*